| United States Bankruptcy Court<br>**Third Division, District of Minnesota** | **VOLUNTARY PETITION** |
|---|---|
| IN RE (Name of debtor - If Individual, enter Last, First, Middle)<br>Kibler, Thomas G. | NAME OF JOINT DEBTOR - (Spouse)(Last, First, Middle)<br>Kibler, Stephanie L. |
| ALL OTHER NAMES used by debtor in the last 6 years<br>(Include married, maiden and trade names) | ALL OTHER NAMES used by joint debtor in the last 6 years<br>(Include married, maiden and trade names) |
| SOCIAL SECURITY/TAX I.D. No. (If more than one, state all)<br>XXX-XX-3362 | SOCIAL SECURITY/TAX I.D. No. (If more than one, state all)<br>XXX-XX-9461 |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip)<br>1694 Valerie Ln<br>New Brighton, MN  55112- | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip)<br>1694 Valerie Ln<br>New Brighton, MN  55112- |
| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS<br>Ramsey | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS<br>Ramsey |
| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses listed above) ||

## INFORMATION REGARDING DEBTOR (Check applicable boxes)

**TYPE OF DEBTOR**
- [ ] Individual
- [ ] Corporation Publicly Held
- [ ] Partnership
- [ ] Commodity Broker
- [x] Joint (H  W)
- [ ] Stockbroker
- [ ] Other

**CHAPTER OR SECTION OF BANKRUPTCY DOCE UNDER WHICH THE PETITION IS FILED (Check one box)**
- [x] Chapter 7
- [ ] Chapter 11
- [ ] Chapter 13
- [ ] Chapter 9
- [ ] Chapter 12
- [ ] 304-Case Ancillary to a Foreign Proceeding

**NATURE OF DEBT (Check one box)**
- [x] Non-Business Consumer
- [ ] Business

**FILING FEE (Check one box)** (Applicable to individuals only)
- [x] Full Filing Fee attached
- [ ] Filing fee to be paid in installments

Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments, Rule 1006(b).  See Official Form No. 3

**CHAPTER 11 SMALL BUSINESS (Check all boxes that apply)**
- [ ] Debtor is a small business
- [ ] Debtor is and elects to be considered a small business under 11 USC Sec 1121(e) (Optional)

**STATISTICAL ADMINISTRATIVE INFORMATION**
(23 U.S.C. § 60-11) (Estimates only) (Check applicable boxes)

THIS SPACE FOR COURT USE ONLY

- [ ] Debtor estimates that funds will be available for distribution to unsecured creadtors.
- [x] Debtor estimates that after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**ESTIMATED NUMBER OF CREDITORS**
- [ ] 1-15
- [x] 16-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [ ] 1000-Over

**ESTIMATED ASSETS** (in thousands of dollars)
- [ ] $0 to $50,000
- [ ] $50,001 to $100,000
- [x] $100,001 to $500,000
- [ ] $500,001 to $1,000,000
- [ ] $1,000,001 to $100 million
- [ ] Over $100 million

**ESTIMATED LIABILITIES** (in thousands of dollars)
- [ ] $0 to $50,000
- [ ] $50,001 to $100,000
- [x] $100,001 to $500,000
- [ ] $500,001 to $1,000,000
- [ ] $1,000,001 to $100 million
- [ ] Over $100 million

## Voluntary Petition
(This page must be completed and filed in every case)

**Name of Debtor(s)**: Kibler, Thomas G.
Kibler, Stephanie L.

| Prior Bankruptcy Cases filed Within Last 6 Years (If more, attach additional sheet) |||
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more, attach additional sheet) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
(If petitioner is an individual whose debts are primarily consumer debts and has to file a Chapter 7) I am aware that I may proceed under Chapter 7, 11, 12, or 13 of title 11 United States Code, understand the relief available under each such chapter, and choose to proceed under Chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

/e/ Thomas G. Kibler
Signature of Debtor

/e/ Stephanie L. Kibler
Signature of Joint Debtor

Telephone (If not represented by attorney)

Date    March 15, 2004

### Signature(s) of Attorney

/e/ Richard J Pearson
Signature of Attorney for Debtor(s)

**PRESCOTT AND PEARSON P.A.**

Richard J Pearson    #130308

443 Old Highway 8, Suite 208
P.O. Box 120088
New Brighton, Minnesota 55112
(651) 633-2757

Date    March 15, 2004

### EXHIBIT A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commision pursuant to Section 13 or 15(d) of the securities Exchange Act of 1934 and is requesting relief under Chapter 11)

☐ Exhibit A is attached and made part of this petition

### EXHIBIT B

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under Chapter 7, 11, 12, or 13 or title 11 United States Code, and have explained the relief available under each such chapter.

/e/ Richard J Pearson
Signature of Attorney for Debtor(s)

### Signature(s) of Debtor(s) (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is ture and correct, and that I have been authorized to file this petition on behalf of the debtor. If debtor is a corporation filing under Chapter 11 United States Code, specified in this petition.

Signature of Authorized Individual

Print or Type Name of Authorized Individual

Title of Authorized Individual by Debtor to File this Petition

Date    March 15, 2004

### Signature(s) of Non-Attorney Petition Preparer

I cerity that I am a petition preparer as defined in 11 U.S.C. Bankruptcy § I 10, that I prepared provided the debtor with a copy of this document,

Print Name of Bankruptcy Petition Preparer

Social Security Number

Address

Names and Social Security Numbers of all other Individuals who perpared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

Signature of Bankruptcy Petition Preparer

Date    March 15, 2004

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 USC Sec, 110; 18 USC Sec. 156

**UNITED STATES BANKRUPTCY COURT Third DIVISION, DISTRICT OF MINNESOTA**

**Name of Debtor(s):**     Kibler, Thomas G.                                   **Case No. BKY**
                         Kibler, Stephanie L.

See summary below for the list of schedules. Include Unsworn Declaration under Penalty of Perjury at the end.

GENERAL INSTRUCTIONS: Schedules D, E and F have been designed for the listing of each claim only once. Even when a claim is secured only in part, or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled

Review the specific instructions for each schedule before completing the schedule

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes No) | Number of Sheets | Amounts Scheduled | | |
|---|---|---|---|---|---|
| | | | Assets | Liabilities | Other |
| A - Real Property | Y | 1 | $280,000.00 | | |
| B - Personal Property | Y | 2 | $27,200.00 | | |
| C - Property Claimed as Exempt | Y | 2 | | | |
| D - Creditors Holding Secured Claims | Y | 1 | | $276,400.00 | |
| E - Creditors Holding Unsecured Priority Claims | Y | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Y | 3 | | $165,833.00 | |
| G - Executory Contracts and | Y | .5 | | | |
| H - Codebtors | Y | .5 | | | |
| I - Current Income of Individual Debtor(s) | Y | .5 | | | $3,873.00 |
| J - Current Expenditures of Individual Debtor(s) | Y | .5 | | | $4,117.00 |
| **Total Number of Sheets of All Schedules** | | 12 | | | |
| **Total Assets** | | | $307,200.00 | | |
| **Total Liabilities** | | | | $442,233.00 | |

**Name of Debtor(s):**  Kibler, Thomas G.  **Case No. BKY**
Kibler, Stephanie L.

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY (In a joint petition, all assets are jointly owned unless otherwise indicated.) | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Real property located in Ramsey County, Minnesota, legally described, as: LOT 3, BLOCK 1, AMBER OAKS, RAMSEY COUNTY, MINNESOTA | 100% | | $280,000.00 | $260,400.00 |
| | | Total: | $280,000.00 | |

**Name of Debtor(s):**   Kibler, Thomas G.  
      Kibler, Stephanie L.

**Case No. BKY:**

## SCHEDULE B - PERSONAL PROPRETY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY<br>*All are none except as otherwise indicated.<br>**All are in debtors' possession unless otherwise indicated. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|
| 1. Cash on hand | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or | Checking Wells Fargo Bank-$200; TCF Bank-$minimal, Twin City Coop Credit Union-$minimal Savings Wells Fargo Bank-$100 | $300.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and | | |
| 4. Household goods and furnishings including audio, video and computer equipment. | | $2,500.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | |
| 6. Wearing apparel. | | $500.00 |
| 7. Furs and jewelry. | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | |
| 10. Annuities. Itemize and name each issuer. | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize | IRA-$5,400 | $5,400.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | |
| 13. Interest in partnerships or joint ventures. Itemize. | | |
| 14. Government and corporate bonds and other negotiable and nonegotiable | | |
| 15. Accounts receivable. | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | |

*Page 1 of 2*

**Name of Debtor(s):**   Kibler, Thomas G.   **Case No. BKY:**
Kibler, Stephanie L.

## SCHEDULE B - PERSONAL PROPRETY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY *All are none except as otherwise indicated. **All are in debtors' possession unless otherwise indicated. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|
| 20. Other contingent and unliquidated claims of every nature, including tax, refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | | |
| 23. Automobiles, trucks, trailers, and other vehicles and acessories. | 1996 Chevy Lumina (100,000)-$3,500 1999 Chevy Tahoe-$15,000. | $18,500.00 |
| 24. Boats, motors, and accessories. | | |
| 25. Aircraft and accessories. | | |
| 26. Office equipment, furnishings, and supplie | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | | |
| 28. Inventory. | | |
| 29. Animals. | | |
| 30. Crops - growing or harvested. Give particulars. | | |
| 31. Farming equipment and implements. | | |
| 32. Farm supplies, chemicals, and feed. | | |
| 33. Other personal property of any kind not already listed. Itemize. | | |

The debtor(s) hereby avoid the fixing of any judicial liens or non-possessory, non-purchase money liens on any of the above property which impairs and exemption to which the debtors(s) would have been entitled under 11 USC 522(d) and in the type of property detailed in 11 USC 522(f)(2).

**Total:**   $27,200.00

*Page 2 of 2*

**Name of Debtor(s):** Kibler, Thomas G.  
Kibler, Stephanie L.

**Case No. BKY**

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT    FEDERAL

Debtor elects the exemptions to which debtor is entitled under (Check one box

☑ 11 USC § 522(b)(1): Exemptions provided in 11 USC § 522(d).  Note: these exemptions are available only in certain states.

☐ 11 USC § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.  (State of Minnesota)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|

Aggregate interest in real property or personal property used as my(our) residence located in Ramsey County, Minnesota, legally described, to-wit:

|  | 11 U.S.C. 522(d)(1) | $19,600.00 | $280,000.00 |
|---|---|---|---|

LOT 3, BLOCK 1, AMBER OAKS, RAMSEY COUNTY, MINNESOTA

| Amount allowed as exemption under 11 U.S.C. Sec. 522(d)(1) | $34,850.00 |
|---|---|
| Used above | $19,600.00 |
| Balance remaining to be applied to personal property under | $15,250.00 |

I (we) claim a 100% (joint) interest, unless otherwise specified in the following described personal property which is valued only to the extent of my (our) interest and only to my (our) equity in the property over and above existing liens:

| **2. Vehicles:** | 11 U.S.C. 522(d)(2) | $5,550.00 | $18,000.00 |
|---|---|---|---|

Description/exempt amount/value

1996 Chevy Lumina (100,000 miles)  
1999 Chevy Tahoe

| **3. Household goods:** | 11 U.S.C. 522(d)(3) | | |
|---|---|---|---|
| Furnishings, appliances, including video, audio and computer | | $2,500.00 | $2,500.00 |
| Wearing apparel | | $500.00 | $500.00 |
| Books. | | | |
| Musical instruments. | | | |

Interest does not exceed $400.00 in value in any particular item within the classification described above unless otherwise indicated, and any overage is credited to Section 5 below.  All items are held primarily for the personal family or household use of the Debtor(s) or his dependents.

| **4. Jewelry** | 11 U.S.C. 522(d)(4) | | |
|---|---|---|---|

**Name of Debtor(s):** Kibler, Thomas G.  
Kibler, Stephanie L.

**Case No. BKY**

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT    FEDERAL

Debtor elects the exemptions to which debtor is entitled under (Check one box

☑ 11 USC § 522(b)(1): Exemptions provided in 11 USC § 522(d). Note: these exemptions are available only in certain states.

☐ 11 USC § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law. (State of Minnesota)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **5. Miscellaneous items:** | 11 U.S.C. 522(d)(5) | | |
| Amount remaining from No. 1 above | | $15,250.00 | |
| Amount per individual provided by 11 U.S.C. 522 | | $1,850.00 | |
| Total available under 11 U.S.C. 522(d)(5) for exemption | | $17,100.00 | |

1996 Chevy Lumina-remaining equity-$725  
His: IRA-$5,400  
Wells Fargo Bank checking-$200  
TCF Bank checking-$minimal  
Twin City Coop Credit Union checking-$minimal  
TCF Bank savings-$100

Pension and/or profit sharing plans, rentals and reasonable usage of realty during proceedings, tax refunds accrued, wages, all sums on deposit, fair debt collection practice act claims, if any; exact amounts unknown, but less than the unused amount in 11 U.S.C. 522(d)(5) above. All transfers by garnishment of execution within 90 days prior to filing thie case are claimed as exempt and avoided pursuant to 11 U.S.C. 522 (f) (g) and (i) and 11 U.S.C. 547(f).

**6. Implements or tools of trade used by Debtor(s).**    11 U.S.C. 522(d)(6)

**7. Property claimed exempt under other sections of 11 U.S.C. 522(d)**

| Description | Statute | Exempt Value | Value |
|---|---|---|---|

If equity in any of the above items is deemed to exceed the stated value, said excess value is claimed as exempt under any exemption remaining in its classification and it is claimed exempt under any unused amount in (d)(5) above. Similarly, any assets owned by Debtor(s) which have been inadvertently omitted and/or not claimed exempt are claimed exempt under any unused amount remaining in (d)(5) above.

**Debtor(s):** Kibler, Thomas G.  
Kibler, Stephanie L.

**Bky Case:**

## Schedule D - Creditors Holding Secured Claims

| Creditors Name and Mailing Address Including Zip Code | Date Claim was incurred, Nature of lien and description and Market Value of property subject to lien (In a joint petition, all debt is jointly held unless otherwise indicated.) | Amount of Claim | Unsecured Portion |
|---|---|---|---|
| **Acct#:** 518120060212<br>BANK ONE<br>OMI 1188<br>PO BOX 182223<br>COLUMBUS OH 43218 | 2004 1999 CHEVY TAHOE<br><br>**Value:** $15,000.00 | $16,000.00 | |
| **Acct#:** 09270242<br>E-TRADE CONSUMER LENDING<br>671 N GLEBE RD<br>ARLINGTON VA 22203 | 2002 2ND MRTG<br><br>**Value:** | $60,000.00 | |
| **Acct#:** 23282013<br>PRINCIPAL<br>PO BOX 711<br>DES MOINES IA 50303-0711 | 2003 HOMESTEAD<br><br>**Value:** $280,000.00 | $200,400.00 | |
| **Total:** | | $276,400.00 | |

**Debtor(s):** Kibler, Thomas G.  **Bky Case:**

Kibler, Stephanie L.

# Schedule E - Creditors Holding Unsecured Priority Claims

**Types of Priority Claims:**

- [✔] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

- [ ] **Wages, Salaries, and Commissions**

  Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. Sec. 507(a)(3).

- [ ] **Contributions to Employee Benefit Plan**

  Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first to the extent provided in 11 U.S.C. Sec. 507(a)(4).

- [ ] **Certain Farmers or Fishermen**

  Claims of certain farmers or fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Sec. 507(a)(5).

- [ ] **Deposits By Individuals**

  Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided 11 U.S.C. Sec. 507(a)(6).

- [ ] **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. Sec. 507(a)(7).

| Creditors Name and Mailing Address Including Zip Code | Date Claim was incurred and consideration for claim | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|
| **Acct#:** | | | |
| NONE | | | |

**Total:**

**Debtor(s):** Kibler, Thomas G.  
Kibler, Stephanie L.

**Bky Case:**

## Schedule F - Creditors Holding Unsecured Nonpriority Claims

| Creditors Name and Mailing Address Including Zip Code | Date Claim was incurred and consideration for claim. If claim is subject to setoff, so state. (In a joint petition, all debt is jointly held unless otherwise indicated.) | Amount of Claim Without |
|---|---|---|
| **Acct#:** 501964503193<br>ALLINA HEALTH SYSTEMS<br>UNITY HOSPITAL<br>550 OSBORNE RD NE<br>MINNEAPOLIS MN 55432 | 2004   SERVICES | $903.00 |
| **Acct#:**<br>AMERICAN EXPRESS<br>PO BOX 7856<br>FT LAUDERDALE FL 33329 | 2004   SERVICES<br>(2 ACCTS) | $4,397.00 |
| **Acct#:** 023146612441<br>AT&T WIRELESS<br>7900 XERXES AVE S<br>BLOOMINGTON MN 55431 | 2004   SERVICES | $386.00 |
| **Acct#:**<br>CHILDRENS<br>PO BOX 86<br>SDS 121833<br>MPLS  MN  55486-1833 | 2004   SERVICES | $2,547.00 |
| **Acct#:**<br>CITIBANK<br>PO BOX 6615<br>THE LAKES  NV  88901-6615 | 2000   STUDENT LOAN(S) | $20,316.00 |
| **Acct#:**<br>CITIBANK CITICORP CRED SERV<br>CENTRALIZED BKY  CHAPTER 7<br>PO BOX 20507<br>KANSAS CITY MO 64195-0507 | 2004   SERVICES<br>(2 ACCTS) | $20,201.00 |
| **Acct#:** 6032590320573396<br>CITIFINANCIAL<br>PO BOX 8019<br>S HACKENSACK  NJ  07606-8019 | 2004   SERVICES | $5,774.00 |

Page 1 of 3

**Debtor(s):** Kibler, Thomas G.  
Kibler, Stephanie L.

**Bky Case:**

## Schedule F - Creditors Holding Unsecured Nonpriority Claims

| Creditors Name and Mailing Address Including Zip Code | Date Claim was incurred and consideration for claim. If claim is subject to setoff, so state. (In a joint petition, all debt is jointly held unless otherwise indicated.) | Amount of Claim Without |
|---|---|---|
| **Acct#:** 50961113<br>COLLEGIATE FUNDING<br>100 RIVERSIDE PKWY<br>FREDERICKSBURG VA 22406 | 2000   STUDENT LOAN(S) | $20,000.00 |
| **Acct#:**<br>DISCOVER CARD SVC<br>ATTN COLLECTION DEPT<br>PO BOX 8003<br>HILLIARD OH 43026 | 2004   SERVICES<br>(2 ACCTS) | $35,596.00 |
| **Acct#:** 714308<br>EMERGENCY PHYSICIANS PA<br>5001 W 80TH ST SUITE 300<br>BLOOMINGTON MN 55437-1114 | 2004   SERVICES | $474.00 |
| **Acct#:** 5490994491047767<br>MASTERCARD<br>MBNA<br>PO BOX 15971<br>WILMINGTON DE 19850-5971 | 2004   SERVICES | $12,135.00 |
| **Acct#:** 5184450081879128<br>MASTERCARD<br>CHASE MANHATTAN BANK<br>PO BOX 341590<br>COLUMBUS OH 43234-1590 | 2004   SERVICES | $8,109.00 |
| **Acct#:** 83019<br>SUBURBAN RADIOLOGIC CONSULT<br>4801 W 81ST ST<br>STE 108<br>MPLS MN 55437-1191 | 2004   SERVICES | $107.00 |
| **Acct#:**<br>VISA<br>ASPIRE<br>PO BOX 723896<br>ATLANTA GA 31139 | 2004   SERVICES<br>(2 ACCTS) | $9,800.00 |

**Debtor(s):** Kibler, Thomas G.                                                  **Bky Case:**

              Kibler, Stephanie L.

## Schedule F - Creditors Holding Unsecured Nonpriority Claims

| Creditors Name and Mailing Address Including Zip Code | Date Claim was incurred and consideration for claim. If claim is subject to setoff, so state. (In a joint petition, all debt is jointly held unless otherwise indicated.) | Amount of Claim Without |
|---|---|---|
| **Acct#:**<br>VISA<br>BANK ONE<br>PO BOX 94014<br>PALATINE IL 60197-4014 | 2004     SERVICES<br>(2 ACCTS) | $25,088.00 |
| **Acct#:**<br>VISA/ PEOPLES BANK<br>ATTN BANKRUPTCY    RC271<br>1000 LAFAYETTE BLVD<br>BRIDGEPORT CT 06604 | | |

**Total:**                                                                                                              $165,833.00

**Name of Debtor(s):**   Kibler, Thomas G.   **Case No. BKY**
Kibler, Stephanie L.

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| | |

## SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**Name of Debtor(s):** Kibler, Thomas G.
Kibler, Stephanie L.

**Case No. BKY**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

**Debtors Marital Status:** ☐ Single  ☑ Married  ☐ Widowed  ☐ Divorced

**Dependants of Debtor and Spouse** (name, age, relationship): Matthew 18, Jessica 16

**Employment**

| | Debtor: (age) 46 | Spouse: (age) 40 |
|---|---|---|
| Occupation: | Sales | Communications Director |
| Employer Address: | NovaStar | MN Social Services |
| | works from home | St Paul MN |
| Length of Employment: | 7mos | 5yrs |
| Other Employment: | | |

**Income**

| | Debtor | Spouse |
|---|---|---|
| Average monthly gross wages, salary and commision | $2,500.00 | $1,667.00 |
| Estimated Monthly Overtime | $1,000.00 | |
| **Subtotal** | $3,500.00 | $1,667.00 |
| Payroll taxes and Social Security | $770.00 | $217.00 |
| Insurances | $307.00 | |
| Union Dues | | |
| Repayment of Pension Loan | | |
| Contribution to Pension | | |
| Other | | |
| **Total Net Monthly Take Home Pay** | $2,423.00 | $1,450.00 |
| **Other Income** | | |
| **Total Monthly Income** | | $3,873.00 |

**Change in Circumstances** ytd income higher as liqudated retirement funds in July 2003

# SCHEDULE J - CURRENT EXPENSES OF INDIVIDUAL DEBTOR(S)

**Home**
- Mortgage/Rent: $1,300.00
- Other Mortgage: $400.00
- Taxes:
- Insurance:
- Maintenance: $40.00
- Dues/Lot Rent:
- Household Goods: $20.00

**Utilities**
- Electric: $200.00
- Gas/Fuel Oil:
- Water/Sewer: $25.00
- Garbage: $25.00
- Telephone: $80.00
- Cable:

**Other** cell: $120.00

**Food**
- # in Household: 4   $500.00
- Supplies: $40.00
- School Lunches: $80.00
- Toiletries: $20.00
- WorkRelated:
- Diapers/Formula:

**Medical**
- Doctor: $20.00
- Dental: $10.00
- Prescriptions: $10.00
- Eyecare: $20.00

**Other**

- Clothing: $180.00
- Laundry:
- **Transportation** Gasoline: $200.00
  - Repair: $75.00
  - Title/License: $15.00
  - Bus/Fares:
  - Parking:
- **Insurance** Life:
  - Health:
  - Auto: $200.00
  - Other:
- Daycare:
- Business Expenses:
- **Student Loans** 1: $75.00
  - 2:
  - 3:
  - 4:
- **Student Expenses** Tuition:
  - Books:
  - Activities:
  - Other:
- **Taxes** State:
  - Federal:
  - Other:

- Charitable contributions: $20.00
- Periodicals: $15.00
- Postage: $5.00
- Personal Care: $60.00
- Pets: $30.00
- Recreation/Clubs: $50.00
- **Maintenance Support**
  - Visitation Expenses:
  - Additional Support:
- **Nonfiling Debt of Installment Loan**
  - Bank One  1  $282.00
  - 2
  - 3
  - 4
- **Other:**

**Total Monthly Expenses:** $4,117.00

**Chapter 13 Debtors**
- Projected Monthly Income:
- Projected Monthly Expenses:
- Excess Income:
- Total Monthly Plan Payments

(Total 10 sheet)

Unsworn Declaration under Penalty of Perjury

I declare under penalty of perjury that I have read the foregoing summary and schedules and that they are true and correct to the best of my knowledge, information and belief. (Penalty for making a false statement: Fine of up to $500.00 or imprisonment for up to 5 years, or both. 18 U.S.C. See 152 and 1371)

| Date | March 15, 2004 | Signature of Debtor | /e/ Thomas G. Kibler |
|---|---|---|---|
| Date | March 15, 2004 | Signature of Joint Debtor (if any) | /e/ Stephanie L. Kibler |

**UNITED STATES BANKRUPTCY COURT, THIRD DIVISION, DISTRICT OF MINNESOTA**

**Name of Debtor(s):** Kibler, Thomas G.
Kibler, Stephanie L.

**Case No. BKY**

## Statement of Financial Affairs

**1. Income from Employment or Operation of a Business**

☐ None

State the gross amount of income the debtor has received from employment, trade or profession, or from operation of the Debtor's business from the beginning of this calendar year to the date this case was commenced  State also the gross amounts received during the two years immediately preceding this calendar year. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under Chapter 13 must state income of both spouses whether or not a joint peition is filed, unless the spouses are separated and a joint petition is not filed.)  Give amount and source.

|  | Individual |  | Spouse |
|---|---|---|---|
| YTD | $8,500.00 | YTD | $3,500.00 |
| 2003 | $44,000.00 | 2003 | $30,000.00 |
| 2002 | $49,000.00 | 2002 | $20,000.00 |

**2. Income Other than from Employment or Operation of a Business**

☑ None

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under Chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)  Give amount and source.

**3. Payments to Creditors**

☑ None

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give the name and address of creditor, dates of payments, amount paid, and amount still owing.

☑ None

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give the name and address of creditor, dates of payments, amount paid, and amount still owing.

**4. Suits, Executions, Garnishments and Attachments**

☑ None

a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)  Give the name and address of creditor and relationship, dates of payments, amount paid, and amount still owing.

☑ None

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)  Give the name and address of creditor and relationship, dates of payments, amount paid, and amount still owing.

**5. Repossessions, Foreclosures, and Returns**

☑ None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceeding the commencement of this case. (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give the name and address of creditor or seller, date of repossession, foreclosure sale, transfer or return and description and value of property.

**6. Assignments and Receiverships**

☑ None

a. Describe any assignments of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give the name and address of assignee and terms of assignment or settlement.

☑ None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give the name and address of custodian, name and location of Court, Case title and number, Date of order and Description and value of property.

**7. Gifts**

☑ None

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less then $100 per recipient  (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)  Give the name and address of person or organization, relationship to debtor, if any, and description and value of gift.

**8. Losses**

☑ None

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)  Give description and value of property, description of circumstances and, if loss was covered in whole or in part by insurance, give particulars and date of loss.

**9. Payments related to Debt Counseling or Bankruptcy**

☐ None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.  Give name and address or payee, date of payment, name of payor if other than debtor and amount of money or description and value of property.

PRESCOTT & PEARSON, P.A., PO Box 120088, New Brighton, MN 55112 Filing fee and attorney fees in the amount of    $209.00  $_____ paid from debtor's earnings prior to the filing of this case.

**10. Other Transfers**

☐ None

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)  Give name and address of transferee, relationship to debtor, date, and describe property transferred, and value received.

I liquidated a 401 in the amount of $12,000 in July 2003 and used for debt payment.

**11. Closed Financial Accounts**

☑ None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other financial institutions. (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)  Give name and address of institution, type and number of account and amount of final balance and amount and date of sale or closing.

**Name of Debtor(s):** Kibler, Thomas G.  
Kibler, Stephanie L.

**Case No. BKY**

☑ None **12. Safe Deposit Boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give the name and address of bank or other depository, names and addresses of those with access to box or depository, description of contents and date of transfer or surrender, if any.

☑ None **13. Setoffs**

List all setoffs made by any creditor, including a bank against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under Chapter 13 must include payment of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give the name and address of creditor, date of setoff and amount of setoff.

**14. Property Held for Another Person**

☑ None

List all property owned by another person that the debtor holds or controls. Give name and address of owner, description and value of property, and location of property.

**15. Prior Address of Debtor**

☑ None

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse. Give address, name used and dates of occupancy.

**16. Spouses and Former Spouses**

☑ None

if the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceeding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

☑ None  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the govermental unit, the date of the notice, and, if known, the Environmental Law.

☑ None  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☑ None  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☐ See attached rider for business information

Unsworn Declaration under Penalty of Perjury

(If completed by an individual or individual and spouse) I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| March 15, 2004 | /e/ Thomas G. Kibler | March 15, 2004 | /e/ Stephanie L. Kibler |
|---|---|---|---|
| Date: | Signature of Debtor | Date: | Signature of Joint Debtor (if any) |

(If completed on behalf of a partnership or corporation) I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

| March 15, 2004 | | |
|---|---|---|
| Date: | Signature | Print Name and Title |

(An individual signing on behalf of a parnership or corporation must indicate position of relationship to debtor.)

Penalty for making a false statement: fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 USC Sec. 152 and 3571.

**Name of Debtor(s):** Kibler, Thomas G.                               **Case No. BKY**
Kibler, Stephanie L.

## Statement of Intentions

1. I, the debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. My intention with respect to the proprety of the estate that secures those consumer debts is as follows:

PROPERTY TO BE SURRENDERED:

| Description | Creditor |
|---|---|
| | |

PROPERTY TO BE RETAINED:

| Description | Creditor | Property claimed exempt | Property will be redeemed pursuant to 11 USC 722 | Debt will be reaffirmed pursuant to 11 USC 524(c) |
|---|---|---|---|---|
| 1999 Chevy Tahoe | Bank One | continue paying | | |
| homestead (2nd mtg) | E-Trade Consumer Lending | continue paying | | |
| homestead | Principal Mtg | continue paying | | |

If Sears Roebuck and Co. or others not herein listed claim a purchase money security interest, it is my intention to redeem, make payments for a reasonable used value, allow repossession or require the creditors to establish its right to possession in a court of law.

3. I understand that section 521(2)(B) of the Bankruptcy Code requires that I perform the above stated intentions within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45-day period fixes.

### DECLARATION UNDER PENALTY OF PERJURY BY DEBTOR(S)

I (We) declare under penalty of perjury that I (We) have read the foregoing Statement of Intentions, and it is ture and correct to the best of my knowledge, information and belief.

Date: March 15, 2004      Signature /e/ Thomas G. Kibler
                                                                                         Debtor

Date: March 15, 2004      Signature /e/ Stephanie L. Kibler
                                                                                          Joint Debtor (if any)

**Name of Debtor(s):**   Kibler, Thomas G.   **Case No. BKY**
Kibler, Stephanie L.

## United States Bankruptcy Court
### District of Minnesota

# Statement of Compensation By Attorney for Debtor(s)

The undersigned, pursuant to Local Rule 303(a), Bankruptcy Rule 201(b) and Section 329(a) of the Bankruptcy Code, states that:

1. The undersigned is the attorney for the debtor(s) in this case and filed this statement as required by applicable rules.

2. The filing fee paid by the undersigned to the clerk for this case is: $209.00

    The compensation paid or agreed to be paid by the debtor(s) to the undersigned is: $791.00

    Prior to filing this statement, the debtor(s) paid to the undersigned: $791.00

    The unpaid balance due and payable by the debtor(s) to the undersigned is: $0.00

   It is agreed that if debtor(s) fail to make payment of fees according to any written agreement, the undersigned may bring a motion to withdraw as attorney for the case. This fee is earned whether or not debtor(s) attend the first meeting of creditors or receive a discharge. An additional charge of $100.00 will be paid if debtor(s) fail to attend the first meeting of creditors. Creditors omitted will be included at the rate of $25.00 each, and if further legal action may be necessary to effectively discharge their debt, additional fees will be charged.

3. The services redendered or to be rendered to the debtor(s) include the following: (a) analysis of the financial situation and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11 of the United States Code; (b)preparation and filing of the petition, exhibits, attachments, schedules, statements, lists and other documents required by the court; (c) representation of the debtor(s) at the meeting of creditors; (d) negotiations with the creditors; and (e) other services reasonably neccessary to represent the debtor(s) in this case.  With regard to representation of the debtor(s) in motions of any kind, or other matters or proceedings which may require a court appearance, debtor(s) agree to pay attorney fees at the rate of $200.00 per hour.  Payment of this fee wil not be a condition precedent to such representation.  The undersigned is not obligated to represent the debtor(s) in adversary proceedings, but if the undersigned consents to such representation, the debtor(s) agree to pay $200.00 per hour, with a retainer to be set by the attorney and paid before work is initiated.  The debtor(s) have not retained the undersigned for removal of judgments or discharge of debts from the state court record.

4. The source of all payments by the debtor's to the undersigned was or will be from earnings or other current compensation of the debtor(s). Payment of additional fees allowed under paragraph 2 and 3, if any, will be derived from current earnings, or monies to be borrowed by the debtor(s).

5. The undersigned has not shared or agreed to share with any other persons other than with members of undersigned's law firm any compensation paid or to be paid.  In an emergency situation or if an unavoidable conflict arises, an attorney from another office will be contracted to appear with the client at the 11 U.S.C Sec 341 hearing and will be paid no more than $150.00 from the fees agreed to be paid in paragraph 2 above, if that arrangement is acceptable to the client.

Date: March 15, 2004

/e/Richard J Pearson

Richard J Pearson #130308

Acknowledged

PRESCOTT & PEARSON, P.A.
443 Old Highway 8 Suite 202
PO Box 120088
New Brighton, MN 55112
(651) 633-2757

/e/ Thomas G. Kibler

/e/ Stephanie L. Kibler